**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORRAINE SCOCOZZA, <br><br>               Plaintiff, <br><br>               v. <br><br> STATE OF NEW JERSEY, <br><br>               Defendant. | Civil Action No. 14-2095 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

Plaintiff Lorraine Scocozza brings this employment discrimination suit against the State of New Jersey for alleged discrimination on the basis of gender in connection with the decision to not hire Plaintiff for a position with the New Jersey Department of Treasury, State Lottery Division. Plaintiff asserts two claims: (1) violation of Title VII, 42 U.S.C. § 2000e-2, and (2) violation of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-12. Defendant State of New Jersey (the "State") has moved to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), or, alternatively, for summary judgment, should the Court ground its decision on materials outside of the pleadings. The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and other good cause shown, Defendant's motion is granted in part and denied in part.

## I.     Background

This matter arises out of the application of Plaintiff Lorraine Scocozza for a position with the Division of the State Lottery ("Lottery Division"), which falls under the New Jersey

Department of the Treasury.  Plaintiff, previously an employee of the New Jersey Department of Labor and Department of Health, was certified for the position of Senior Account Adjuster on January 20, 1994, and again on October 14, 1994.  (Notice of Removal, Ex. A, Compl. ¶¶ 4, 6, 9, ECF No. 1-1.)  Plaintiff interviewed for the position on November 5, 1994, and received positive feedback.  (*Id.* ¶¶ 10-11, 13.)  In December 1994, Plaintiff was given an offer of employment, which she accepted, and received a start date.  (*Id.* ¶¶ 17-18.)  Later, that month, Plaintiff was informed that there were problems with her application and that another interview would be necessary.  (*Id.* ¶¶ 20, 25.)  During a conversation with her contact at the Lottery Division, Plaintiff was informed that "the high ups at the Lottery had a big problem with a blonde woman like you going into Newark."  (*Id.* ¶ 24.)  The following month, on January 2, 1995, just prior to her scheduled second interview, Plaintiff was informed that the interview was cancelled and the position was not going to be filled.  (*Id.* ¶ 27.)

Within weeks, Plaintiff filed a claim of discrimination with the New Jersey Department of Law and Public Safety, Division of Civil Rights (the "DCR").  Specifically, Plaintiff filed a Charge of Discrimination with the DCR on January 19, 1995.  (Weintraub Cert., Ex. A., ECF No. 9-1 ("DCR Charge").)  The DCR Charge indicated that it was to be filed with both the DCR and Equal Employment Opportunity Commission ("EEOC").  (*Id.*)  The EEOC confirmed receipt of the DCR Charge on April 10, 1995.  (Weintraub Cert., Ex. B, ECF No. 9-2.)  Over the course of several years, the DCR conducted an investigation, and on February 5, 1998, found probable cause that Plaintiff was discriminated against on the basis of sex.  (Compl. ¶ 40.)  On March 8, 2001, the Director of the DCR issued a decision, finding that the Department of Treasury committed a violation of the LAD and awarded damages.  (Compl. ¶ 42; Weintraub Cert., Ex. C, ECF No. 9-3.)

Plaintiff did not hear from the EEOC until December 2008.  The EEOC, by correspondence dated December 18, 2008, advised Plaintiff that it determined that there was a violation of Title VII and that it would commence efforts towards conciliation.  (Compl. ¶ 43; Weintraub Cert., Ex. E, ECF No. 9-5.)   However, efforts towards conciliation were unsuccessful.  (Compl. ¶ 43.) Ultimately, Plaintiff received a Notice of Right To Sue from the EEOC on November 8, 2013 ("Right To Sue Letter").  (*Id.*; Compl., Ex. A.)

Plaintiff filed suit in the Superior Court of New Jersey in Monmouth County on February 7, 2014.  On April 3, 2014, Defendant removed the case to this Court.  (Notice of Removal, ECF No. 1.)

## II.   Standard of Review

When considering a motion to dismiss for failure to state a claim, a district court conducts a three-part analysis.  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).  Second, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  Last, once the well-pleaded facts have been identified and the conclusory allegations disregarded, a court must determine whether the "facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'"  *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).  A complaint must contain sufficient facts to "put the defendant on notice of the nature of the plaintiff's claim."  *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 320 n.18 (3d Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007)).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). It is a defendant's burden to show that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

In deciding a 12(b)(6) motion, the Court may consider matters outside the pleadings without converting the motion to a summary judgment motion. A court, however, may only "consider certain narrowly defined types of material without converting." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). That is, a "document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotation omitted). This includes any "exhibits attached to the complaint and matters of public record," as well as any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). In the context of employment discrimination suits, courts have considered, without converting, DCR orders and investigations, *Chugh v. W. Inventory Servs., Inc.*, 333 F. Supp. 2d 285, 289 (D.N.J. 2004), as well as right-to-sue letters and EEOC charges, *Hilburn v. Dep't of Corr.*, No. 07-6064, 2010 WL 703202, at *12 (D.N.J. Feb. 23, 2010). Accordingly, the Court will consider similar materials, integral to Plaintiff's Complaint, without converting the motion to one for summary judgment, as is within its discretion. *See Chugh*, 333 F. Supp. 2d at 289.

**III.  Analysis**

### A.  Law Against Discrimination

The State moves to dismiss Plaintiff's LAD claim on the basis that the claim has already been adjudicated by the DCR. The State asserts that, because Plaintiff already pursued and obtained a remedy before the DCR, the LAD's election of remedies provision bars this Court's

adjudication of a claim based on the same set of facts.  Indeed, the LAD includes an election of remedies provision.  N.J.S.A. 10:5-27 ("[T]he procedure herein provided shall, while pending, be exclusive; and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned.")  "The election of remedies provision 'basically seeks to prevent parties from having a second bite of the apple by pursuing the alternative route to relief . . . . It seeks to prevent duplication of efforts and forum shopping.'" *Chugh v. W. Inventory Servs., Inc.*, 333 F. Supp. 2d 285, 290 (D.N.J. 2004) (quoting *Wilson v. Wal-Mart Stores*, 158 N.J. 263, 271 (1999)).

Where a plaintiff has already received relief from the DCR, that individual is barred from bringing the same claim in another forum.  "[W]ith the exception of appellate review, an individual who has received a final determination by the DCR will be barred . . . from bringing any other action, in any forum, based on the same injury." *Id.* (citations omitted).  The sole avenue of appeal of a DCR determination is to the Appellate Division of New Jersey's Superior Court. *Pittman v. La Fontaine*, 756 F. Supp. 834, 842 (D.N.J. 1991) (citing N.J.S.A. 10:5-27).  Therefore, where a plaintiff in a DCR proceeding has not appealed the result, the DCR's determination is final, and the plaintiff is barred from pursuing additional relief founded on the same claim.

Here, Plaintiff opted to pursue relief before the DCR on her LAD claim.  Ultimately, the DCR decided in favor of Plaintiff.  (Compl. ¶¶ 41-42.)  Regardless of the outcome, Plaintiff is barred from bringing the same claim before this Court.  Plaintiff asserts that she "filed an appeal [of the DCR determination with] the EEOC under the Weight of the Evidence Rule," the EEOC rejected the DCR's findings, and thus there was no final determination of Plaintiff's claim. (Compl. ¶ 36; Pl.'s Opp. Br. 6, ECF No. 8.)  However, the EEOC's review of state agency investigations and proceedings, or deferral or FEP agency proceedings, *see* 29 C.F.R. §1601.70,

5

is for the purposes of determining whether it should adopt those findings as part of the EEOC's own factual investigation, and not for the purpose of overturning an FEP agency determination. *See* 42 U.S.C. 2000e-5(b) ("In determining whether reasonable cause exists, the [EEOC] shall accord substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local law pursuant to the [deferral provisions of Title VII].")  As a result, Plaintiff's request to the EEOC is of no consequence to the finality of the DCR's final decision on her LAD claim.  Accordingly, that claim is barred and dismissed with prejudice.[1]

### B.  Title VII

Defendant also seeks dismissal of Plaintiff's Title VII claim, for failure to exhaust administrative remedies.  Specifically, the State asserts that Plaintiff's Title VII claim should be dismissed because (1) Plaintiff failed to attach the related EEOC charge, thus preventing the Court from determining whether the charge was timely filed or whether it contemplates the asserted claim, and (2) the EEOC Right to Sue Letter only authorized suit against the Department of Treasury and not the State.  (Def.'s Moving Br. 11-13.)   A plaintiff's failure to exhaust administrative remedies is a prudential requirement, rather than a jurisdictional one.  *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999) (holding that district court erred "in considering the [defendant's] failure to exhaust and timeliness defenses as grounds for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction"); *see also Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007).  "In Title VII actions, failure to exhaust administrative remedies is an affirmative defense in the nature of statute of limitations."  *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997).  As a result, Defendant bears the burden of establishing the defense.  *Id.*

---

[1] The State also moves for dismissal on the basis that Plaintiff's LAD claim is untimely.  Because the Court has granted dismissal on election of remedy grounds, it need not reach this issue.

Prior to filing a Title VII suit, a plaintiff must timely file a charge with the EEOC that contemplates the claims of discrimination to be asserted. A prospective Title VII plaintiff in a deferral state like New Jersey has 300 days to file a charge with the EEOC. *Cortes v. Univ. of Med. & Dentistry of N.J.*, 391 F. Supp. 2d 298, 310 (D.N.J. 2005) (citing 42 U.S.C. 2000e-5(e)(1)). "The Supreme Court has held that the charge-filing period begins to run on a claim of unlawful discrimination when the employer establishes its official position and communicates that position by giving notice to the affected employee." *Bailey v. United Airlines*, 279 F.3d 194, 199 (3d Cir. 2002) (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 258-59 (1980)). In addition, a Title VII plaintiff may only sue for discrimination that falls within "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge." *See Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976). Thus, the charge filed with the EEOC must contemplate claims brought under Title VII. *See id.* In addition, a private plaintiff cannot bring suit prior to the EEOC's issuance of a right-to-sue letter. "The receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII." *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).

The Plaintiff's failure to attach the charge filed with the EEOC is not fatal, as the allegations of the Complaint and other essential documents show that Plaintiff's charge was timely filed and contemplates her claim for sex discrimination. Plaintiff alleges: "[a]s required by Title VII, plaintiff has exhausted her administrative remedies" by "fil[ing] an administrative Complaint with the [EEOC]" and has received a right-to-sue letter. (Compl. ¶ 2.) Generalized allegations in support of conditions precedent to the maintenance of Title VII claims, such as exhaustion of administrative remedies, are sufficient to survive a motion to dismiss. *See Hildebrand v. Allegheny*

*Cnty.*, 757 F.3d 99, 111 (3d Cir. 2014) (holding that *Iqbal* and *Twombly* pleading standards are inapplicable to conditions precedent) (citing Fed. R. Civ. P. 9(c)).   Moreover, Plaintiff has provided to the Court the DCR Charge (Weintraub Cert., Ex. A), which the EEOC accepted and confirmed receipt of April 10, 1995, and attached the EEOC Right to Sue Letter to her Complaint (Compl., Ex. A).   EEOC regulations anticipate that charges filed with deferral agencies can be used as a charge with the EEOC, upon satisfaction of certain conditions.   29 C.F.R. § 1601.13 ("When a charge is initially presented to a FEP agency and the charging party requests that the charge be presented to the Commission, the charge will be deemed to be filed with the Commission . . . .")   In terms of the timeliness of the EEOC charge, Plaintiff was told on January 2, 1995, the position at the Lottery Division would not be filled. (Compl. ¶ 27.)   As a result, Plaintiff's DCR Charge, simultaneously filed with the EEOC, on January 19, 1995,[2] was timely.   In addition, the DCR Charge's narrative specifically states that Plaintiff alleges unlawful sex discrimination in connection with her denial of a position with the Lottery Division.   (Weintraub Cert., Ex. A.) Accordingly, Defendant has not carried its burden of showing that the charge was untimely or did not encompass Plaintiff's Title VII claim.

The State's argument that Plaintiff's right-to-sue letter does not contemplate the State as a defendant similarly fails.   "A Title VII action ordinarily may be brought only against a party previously named in an EEOC action . . . . Nevertheless, this court recognizes an exception when the unnamed party received notice and when there is a shared commonality of interest with the named party."   *Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pitt., Pa.*, 903 F.2d 243, 251-52 (3d Cir. 1990) (citing 42 U.S.C. § 2000e-5(f)(1); *Glus v. G.C. Murphy Co.*, 629 F.2d 248, 251 (3d

---

[2] Even if the date of the EEOC's letter to Plaintiff confirming receipt of the DCR Charge (April 10, 1995) is used as the operative date, Plaintiff was still well within the 300 day statute of limitations.

Cir. 1980)).  Indeed, courts have previously allowed Title VII cases to proceed against related governmental entities not named in EEOC charges or right-to-sue letters.  *See Brown v. City of New York*, 869 F. Supp. 158, 171 (S.D.N.Y. 1994) (refusing to dismiss claim against parks department even though only city and other agencies were named in EEOC charge); *Shannon v. Village of Broadview*, 682 F. Supp. 391, 393 (N.D. Ill. 1988) (allowing claim against municipality where only board of fire and police commissioners were named in EEOC charge).  Here, there is an obvious shared commonality of interest between the State and the Department of Treasury, a state agency and executive department, and the State had notice of Plaintiff's claim.  The Office of the Attorney General of New Jersey has defended all claims filed by Plaintiff, including the DCR action, and thus were in receipt of the DCR Charge.  (Def.'s Moving Br., Heyer Decl., Ex. A, ECF No. 3-3.)  Indeed, the State, through the Department of Treasury, paid Plaintiff's damages in the DCR action.  (Def.'s Reply Br., Heyer Decl., Ex. D, ECF No. 11-1.)

**IV.**          **Conclusion**

For the reasons set forth above, and for other good cause shown, it is hereby ordered that the State's motion to dismiss is GRANTED with respect to Plaintiff's LAD claim and DENIED with respect to Plaintiff's Title VII claim.

_s/ Michael A. Shipp_____
**Michael A. Shipp**
**United States District Judge**

**Dated:** November 25th, 2014

9